IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RUBEN NARANJO, Individually And On Behalf of All Similarly Situated Persons, <br>     Plaintiff, <br><br> V. <br><br> NXT OILFIELD RENTALS, LLC, <br>     Defendant. | § § § § § § § § § § § | CIVIL ACTION NO. 2:17-cv-0068 <br><br><br> JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 ("FLSA"), brought both as an individual action and collective action to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiff Ruben Naranjo and all other similarly situated employees ("Members of the Class") employed by, or formerly employed by Defendant, their subsidiaries and affiliated companies

### Parties

1. Plaintiff Ruben Naranjo ("Naranjo"), a former employee of Defendant, was personally engaged in interstate commerce during his employment with the Defendant, and is represented by the undersigned.

2. Defendant NXT Oilfield Rentals, LLC ("NXT") is a Texas limited liability company and is and was an "employer" as that term is defined by the FLSA. With respect to Plaintiff and Members of the Class, NXT is subject to the provisions of the FLSA. NXT was at all times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00. Defendant NXT Oilfield Rentals, LLC may be served with process through its registered agent

National Corporate Research, LTD. at 1601 Elm St., Suite 4360, Dallas, Texas 75201 or wherever he may be found.

**Jurisdiction and Venue**

3. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well. At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet. At all times pertinent to this Complaint, Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce and his work was essential to Defendant's business. Specifically, Plaintiff traveled on interstate highways in the performance of his duties, used interstate communications and traveled to other states in the performance of his duties. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant and Plaintiff transacted business within this judicial district and some of the events underlying this complaint occurred within this judicial district. Upon information and belief, Defendant conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

**Factual Allegations**

4. Plaintiff Ruben Naranjo worked for Defendant from February 14, 2016 until December 5, 2016 as a Pressure Control Operator. Naranjo's duties included, but were not limited to, high pressure testing and rigging of valves, testing pressure levels on all equipment,

maintaining and servicing oil and gas production facilities, overseeing the testing and monitoring of wells, pumps, storage facilities and other pressure control equipment. Naranjo worked at various locations as assigned by Defendant. Naranjo was provided with all of the necessary tools, as well as the instructions needed to fulfill his job duties.

5. Plaintiff was a non-exempt employee. Despite his non-exempt status, however, Naranjo regularly worked in excess of 70 hours per week when he was in the field, was paid on a salary basis, and was paid a day-rate bonus each day he worked in the field, but was not ever paid an overtime premium for hours worked over 40 in a work week.

6. At all times relevant hereto, the Defendant knew of, approved of, and benefited from Plaintiff's regular and overtime work.

7. Defendant is liable to Plaintiff under the FLSA for all unpaid overtime compensation for his tenure with Defendant as well for liquidated damages, attorney's fees, out of pocket expenses and costs of Court.

### **Plaintiff's Individual Allegations**

8. As a non-exempt employee, Plaintiff was entitled to be paid his regular wages and to be paid an overtime premium for all work performed during the hours he worked over forty (40) hours in each workweek. Defendant failed to pay the Plaintiff the required overtime premium in many workweeks that the Plaintiff was employed by Defendant during the Relevant Time Period, as the Plaintiff worked in excess of 40 hours in many weeks he worked for the Defendant. Plaintiff was paid salary and day-rate bonuses for each job completed or each day worked, but was not paid premium pay for hours worked over 40.

9. No exemption excuses the Defendant from paying Plaintiff for all time spent and work performed during the hours he worked, and the Defendant has not made a good faith effort to comply with the FLSA. As such, the Defendant knowingly, willfully, or with reckless

disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiff. Such practice was and is a clear violation of the FLSA. Defendant was previously sued for this conduct, yet continued to pay Naranjo and its other operators in the same way.

**Collective Action Allegations**

10. Other employees have been victimized by the Defendant's pay practices and policies that are in willful violation of the FLSA. A number of these employees have worked with Plaintiff. Thus, Plaintiff is aware that the illegal practices or policies of the Defendant have been imposed on the Members of the Class. Specifically, through speaking with other employees, Plaintiff is aware that Defendant makes a regular practice of not paying the required overtime premium for hours worked over 40 in a workweek, but pays numerous other similarly situated employees on the same basis: salary plus day-rate bonuses or daily bonuses.

11. The Members of the Class performed work that is similar in nature to that performed by Plaintiff; these individuals worked alongside the Plaintiff performing the same type of manual, physical work that the Plaintiff performed. Accordingly, the employees victimized by the Defendant's unlawful practices are similarly situated to Plaintiff in terms of their job duties.

12. Further, each member of the class was paid according to a common payment scheme. Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are, therefore, similarly situated in terms of pay provisions.

13. The Defendant's failure to pay its employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class. This generally applicable policy is prohibited by the FLSA. Thus,

Plaintiff's experience is typical of the experiences of the Members of the Class.

14. No justification or exemption excused the Defendant from paying the Members of the Class for all work performed and time spent working, and the Defendant did not make a good faith effort to comply with the FLSA. As such, the Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding minimum wage and overtime compensation with respect to the Members of the Class.

15. Accordingly, the class of similarly situated Plaintiffs is properly defined as:

> **All persons employed by the Defendant NXT Oilfield Rentals, LLC as pressure control operators who were paid on a salary plus bonus basis during the three-year period preceding the filing of this Complaint.**

## CAUSES OF ACTION

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

16. Based on the foregoing, Defendant violated the FLSA by failing to properly compensate Plaintiff and Members of the Class for work performed in the employ of the Defendant.

17. Plaintiff and Members of the Class have suffered damages as a direct result of Defendant's illegal actions.

18 Defendant is liable to Plaintiff and Members of the Class for all unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, f for the three-year period preceding the filing of this lawsuit.

### Jury Demand

19. Plaintiff demands a trial by jury on all claims he has asserted herein.

### Prayer for Relief

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons employed by NXT Oilfield Rentals, LLC as pressure control operators who were paid on a salary plus bonus basis during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendant for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendant that its violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2030 North Loop West, Suite 120
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY-IN-CHARGE FOR**
**PLAINTIFF RUBEN NARANJO**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2030 North Loop West, Suite 120
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY FOR PLAINTIFF**
**RUBEN NARANJO**